NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JACK LUOMA, PETITIONER, v. TURNER CONSTRUCTION
COMPANY, RESPONDENT.

\*     \*     \*     \*     \*     \*     \*

1. On or about the 20th day of November, 1924, the party of the first part, Jack Luoma, was employed by Turner Construction Company as a carpenter at Kearny, New Jersey, and on or about the day in question, the party of the first part, while closing up column forms, fell to the floor below when his hands slipped and he lost his grip. Said accident arose out of and in the course of the employment of the party of the first part by the party of the second part.

2. The party of the first part claims that as a result of the alleged accident, he received an injury to his left chest wall, his left arm and the left side of his head; that he was taken to a hospital for first aid, after which he was taken to his home in Brooklyn, and that he has suffered continually since the accident from sleeplessness, pain in his left side, pain in his heart, nervousness, dizzyness, poor memory, and that he has been unable since the accident to do the work which he was able to do prior to that time.

3. It is contended by the doctors representing the petitioner that as a result of the accident, the party of the first part is in a condition so that he is conspicuously confused, unstable, disorientated, irritable, excitable and amnesia, and it was stated by the doctors representing him that his disability was equal to from seventy-five per cent. to one hundred per cent. of total.

4. It is contended by the party of the second part that at the time of the happening of the accident, the party of the first part did not sustain any appreciable injury to his head and that all of the injuries to the petitioner were of such a nature that he should not have been caused anything more than a very slight permanent disability; that he has been examined by various doctors for the party of the second part, and that it is the opinion of said doctors that his condition is not as contended; that there are no external manifestations of injury of the skull; that the pupils react to light and accommodation; that he does have a type of hysteria at times and it was the opinion of the doctors for the party of the second part that this is a mental state brought about by his thought of his injury, and repeated examinations by doctors, rather than being produced by injuries resulting from the accident. It is contended by the party of the second part that the symptoms manifested by the party of the first part are exaggerated.

5. This case formerly came before the compensation bureau by petition filed on or about June 17th, 1925, as a result of which a stipulation and order of discontinuance was entered into and approved by this bureau on November 20th, 1925, by which the party of the second part agreed to pay and the petitioner agreed to accept one hundred weeks' compensation at the rate of $17 per week, which compensation has been paid together with a fee to the attorney for the petitioner in the sum of $150.

6. The party of the first part and the party of the second part at this time desiring to effect a compromise as to the disability of the party of the first part, but differing as to the extent of the total, do hereby agree that the party of the first part shall receive and the party of the second part shall pay an additional twenty-five per cent. of total, or one hundred and twenty-five weeks at $17 per week, to the party of the first part, petitioner, in addition to the twenty per cent. or one hundred weeks heretofore paid.

7. It is expressly understood and agreed that the acceptance of this additional sum of $2,125 is in full accord and satisfaction of and in compromise of a disputed claim and that

payment of this sum is not an admission of further liability upon the party of the second part, but that this sum is paid for the purpose of terminating a dispute and further litigation between the parties hereto.

8. It is further stipulated and agreed that the attorney for the petitioner shall receive a counsel fee of $400, of which $200 is to be paid by the party of the second part, respondent, and that the respondent is to pay an additional sum of $100 to the doctors for the petitioner.

9. The petitioner covenants not to move to open up this agreement or start any other suit subsequent to the signing hereof upon any ground whatsoever.

10. It is further agreed that the above proceeding be discontinued upon the records of this bureau.

JACK LUOMA,
*Petitioner.*

UNITED STATES FIDELITY AND GUARANTY COMPANY,
By ROY A. GRANGER,
*Respondent.*

The settlement referred to in the foregoing stipulation is hereby approved as a final compromise of the extent of the physical injuries sustained by the petitioner, Jack Luoma, and it is ordered that the proceedings on this petition be and hereby are discontinued.

CHARLES E. CORBIN,
*Deputy Commissioner.*